No. 28,157.

In re Application of M. W. WILSON for a Writ of Habeas Corpus.

(265 Pac. 1101.)

### SYLLABUS BY THE COURT.

ESCAPE—*Prisoner Working on Roads—Sentence and Punishment.* A prisoner serving a sentence in the county jail for violation of the intoxicating liquor law who is taken out to work on the roads under the provisions of chapter 238 of the Laws of 1927, and who while being transported to such work effects his escape, may, under the provisions of chapter 190 of the Laws of 1927, be sentenced to a term not exceeding three years in the state penitentiary.

Original proceeding in habeas corpus. Opinion filed April 7, 1928. Writ denied.

*T. W. Bell,* of Leavenworth, for the petitioner.

*William A. Smith,* attorney general, *Roland Boynton* and *Leon W. Lundblade,* assistant attorneys-general, for the respondent.

The opinion of the court was delivered by

HOPKINS, J.: The petitioner seeks release on a writ of habeas corpus. He was convicted before a justice of the peace for having possession of intoxicating liquors and was sentenced to sixty days in jail and to pay a fine of $300. While serving such sentence he was taken out with other prisoners to work on the roads, and while being transported to such work escaped from the custody and control of the officers. He was apprehended and prosecuted for effecting his escape. He pleaded guilty and was sentenced to the penitentiary for a term not exceeding three years. He now seeks release, contending that the sentence given him was beyond the power, authority or jurisdiction of the court, was excessive, without any legal authority, and void.

The contention cannot be sustained. Chapter 238 of the Laws of 1927 provides substantially that "whenever any able-bodied, male prisoner is confined in the county jail, . . . having been convicted of a misdemeanor . . . the sheriff of such county, . . . under the direction of the county commissioners, may compel such prisoner to work at hard labor eight hours of every working day," etc. Chapter 190 of the Laws of 1927 provides:

"That any person confined in the county jail upon conviction for any

Escape, 21 C. J. p. 845 n. 17.

criminal offense and who shall be compelled to work on any street, public highway, poor farm, or public works under the direction of the board of county commissioners as provided by law, and who shall escape or attempt to escape ·from the place of such employment or in going to and from such employment, ·whether under guard or not, shall upon conviction of such escape . . . be punished by confinement at hard labor not exceeding three years, or in a .county jail not less than six months, to commence at the expiration of the ·original term of imprisonment."

. A reproduction of the information here is not necessary. · We are of opinion it contained all the requisite essentials to a good charge under the statute.

· No error appears to have been committed in sentencing the petitioner to a term in the penitentiary.

. The writ is denied.